## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ERIC SHIELDS,                          )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )        No. 4:07CV537 HEA
                                       )
YMCA OF GREATER ST. LOUIS,             )
                                       )
            Defendant.                 )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Eric Shields for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

The complaint is nonsensical. It consists of disorganized quotations from the Constitution, statutes, and rules. Consequently, the Court finds the complaint to be frivolous, and it shall be dismissed.

Additionally, the Court notes that to the extent that plaintiff is attempting to relitigate his previous claims against the YMCA, he is precluded from doing so because the Court has previously entered a judgment against him on those claims. *Shields v. YMCA*, 4:06CV52 HEA (E.D. Mo. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this <u>22nd</u> day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE